IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JESSICA SCHEIDT, on behalf of herself and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MHM HEALTH PROFESSIONALS, INC., )<br>d/b/a CENTURION HEALTH, )<br>)<br>Defendant. ) | Case No. 1:23-cv-00346 JMR/KK |

**ANSWER TO FIRST AMENDED CIVIL CLASS ACTION COMPLAINT**

Defendant MHM Health Professionals, LLC d/b/a Centurion Professionals ("MHM"), incorrectly identified in the caption as "MHM Health Professionals, Inc. d/b/a Centurion Health," by and through its undersigned counsel, hereby answers the Amended Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted and must be dismissed, in whole or in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Neither Plaintiff Jessica Scheidt ("Plaintiff") nor any alleged similarly situated employees can establish a willful violation of the New Mexico Minimum Wage Act, N.M.S.A § 50-4-19, *et seq.* (the "NMMWA").

**THIRD DEFENSE**

Plaintiff's claims and the claims of the alleged similarly situated employees are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims and the claims of the alleged similarly situated employees are barred, in whole or in part, by the doctrines of estoppel, avoidable consequences, laches, waiver and/or release, respectively.

## FIFTH DEFENSE

This case may not be maintained as a representative class action as Plaintiff and the alleged similarly situated employees cannot establish the existence of each of the requirements necessary to obtain certification of a NMMWA class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

To the extent Plaintiff and the alleged similarly situated employees worked overtime hours or "off the clock" without the actual or constructive knowledge of MHM, such employees are not entitled to compensation for any such hours worked.

## SEVENTH DEFENSE

At all relevant times, MHM compensated Plaintiff and the alleged similarly situated employees as required by the NMMWA, and therefore, is not indebted to Plaintiff or the alleged similarly situated employees in the amounts sought in the Amended Complaint.

## EIGHTH DEFENSE

If MHM was obligated, but failed, to pay Plaintiff and the class of persons Plaintiff purports to represent for work in excess of 40 hours in a workweek, the uncompensated time is *de minimus*.

## NINTH DEFENSE

Plaintiff's and the alleged similarly situated employees' damages, if any, are the result of their own conduct or the conduct of third parties for whom MHM is not legally responsible.

**TENTH DEFENSE**

Without admitting that Plaintiff or the alleged similarly situated employees are entitled to any sum from MHM, to the extent Plaintiff and the alleged similarly situated employees are awarded liquidated damages, they are not entitled to prejudgment interest.

**ELEVENTH DEFENSE**

The Amended Complaint must be dismissed because MHM exercised reasonable care to prevent and correct any unlawful act or omission.

**TWELFTH DEFENSE**

Without admitting that Plaintiff or the alleged similarly situated employees are entitled to any sum, MHM would be entitled to a set-off against any such sum to the extent paid, tendered, waived, compromised, or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, or released through any other proceeding, either formal or informal.

**THIRTEENTH DEFENSE**

Plaintiff's purported claims are barred in whole or in part by her failure to mitigate her alleged damages, insofar as Plaintiff failed to utilize internal complaint procedures available to her regarding the matters alleged in the Amended Complaint. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

**FOURTEENTH DEFENSE**

MHM affirmatively pleads that Plaintiff's and the alleged similarly situated employees' claims are barred, in whole or in part, because MHM has at all times acted reasonably and in good faith towards Plaintiff and the alleged similarly situated employees.

**FIFTEENTH DEFENSE**

Plaintiff and the alleged similarly situated employees are not entitled to any equitable relief they might seek insofar as they have an adequate remedy at law.

MHM reserves the right to assert additional defenses or claims that may become known during the course of litigation and discovery.

In response to the numbered allegations of the Amended Complaint, MHM states as follows:

### I.      Summary[1]

1. MHM admits that Plaintiff brings this action as described in Paragraph 1, but denies MHM has engaged in any act or omission giving rise to such claims.

2. MHM admits that Plaintiff brings this action as described in Paragraph 2, but denies that MHM has engaged in any act or omission giving rise to such claims.

3. MHM admits that it employed Plaintiff and that the class definition alleged in the Amended Complaint includes other MHM employees. Except as expressly admitted herein, MHM denies the allegations in Paragraph 3.

4. MHM denies the allegations in Paragraph 4.

5. MHM denies the allegations in Paragraph 5.

---

[1] MHM is reproducing the section headings of Plaintiff's Amended Complaint for ease of reference only, and expressly denies any factual allegation, characterization, or implication arising out of the section headings.

6. MHM admits that Plaintiff passed through a security process operated by the Bernalillo County Metropolitan Detention Center before entering the portion of the facility where she worked. Except as expressly admitted herein, MHM denies the allegations in Paragraph 6.

7. MHM admits that Plaintiff was subject to COVID-19 screening protocols at times during her employment. Except as expressly admitted herein, MHM denies the allegations in Paragraph 7.

8. MHM denies the allegations in Paragraph 8.

9. MHM admits that Plaintiff was subject to COVID-19 screening protocols at times during her employment. Except as expressly admitted herein, MHM denies the allegations in Paragraph 9.

10. MHM denies the allegations in Paragraph 10.

11. MHM denies the allegations in Paragraph 11.

12. MHM denies the allegations in Paragraph 12.

13. MHM admits that Plaintiff brings this action as described in Paragraph 13, but denies that MHM has engaged in any act or omission giving rise to such claims.

14. MHM denies the allegations in Paragraph 14.

15. MHM admits that its Kronos timekeeping system was temporarily interrupted by what it understands was a computer hacking incident that affected third-party UKG, between approximately mid-December 2021 and late January 2022. MHM is without sufficient information to admit or deny the allegations in Paragraph 15 regarding other companies, and therefore denies same. Except as expressly admitted herein, MHM denies the allegations in Paragraph 15.

16. MHM denies the allegations in Paragraph 16.

17. MHM denies the allegations in Paragraph 17.

18. MHM denies the allegations in Paragraph 18.

19. MHM denies the allegations in Paragraph 19.

20. MHM denies the allegations in Paragraph 20.

21. MHM denies the allegations in Paragraph 21.

22. MHM denies the allegations in Paragraph 22.

23. MHM admits that Plaintiff brings this action as described in Paragraph 23, but denies that MHM has engaged in any act or omission giving rise to such claims.

## II.   The Parties

24. MHM lacks information sufficient to admit or deny the allegations in Paragraph 24 and therefore denies same.

25. MHM admits the allegations in Paragraph 25.

26. MHM denies the allegations in Paragraph 26.

27. MHM admits the allegations in Paragraph 27.

28. MHM admits that Plaintiff purports to define a class of alleged similarly situated employees. MHM denies there are other employees similarly situated to Plaintiff, denies that this action is appropriate for class action treatment, and denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever.

29. MHM denies the allegations in Paragraph 29.

30. MHM admits that it is a healthcare services staffing company, that it is organized under the laws of Delaware, that it is registered to do business in New Mexico, and that its registered agent for service of process is C T Corporation System, 206 South Coronado Avenue, Espanola, New Mexico, 87532.  Except as expressly admitted herein, MHM denies the allegations in Paragraph 30.

### III. Jurisdiction and Venue

31. The allegations in Paragraph 31 constitute legal argument to which no responsive pleading is required. To the extent there are factual allegations contained in Paragraph 31, MHM denies it engaged in any act or omission necessitating the exercise of the Court's personal jurisdiction in this matter. Except as expressly admitted herein, MHM denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 constitute legal argument to which no responsive pleading is required. To the extent there are factual allegations contained in Paragraph 32, MHM denies it engaged in any act or omission necessitating the exercise of the Court's subject matter jurisdiction in this matter. Except as expressly admitted herein, MHM denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 constitute legal argument to which no responsive pleading is required. To the extent there are factual allegations contained in Paragraph 33, MHM admits that it is subject to personal jurisdiction in this Court for purposes of Plaintiff's claim against it. Except as expressly admitted herein, MHM denies the allegations in Paragraph 33.

34. The allegations in Paragraph 34 constitute legal argument to which no responsive pleading is required. To the extent there are factual allegations contained in Paragraph 34, MHM admits that venue is proper in this Court for purposes of Plaintiff's claim against it. Except as expressly admitted herein, MHM denies the allegations in Paragraph 34.

### IV. Additional Facts

35. MHM admits that it is a healthcare services staffing company. Except as expressly admitted herein, MHM denies the allegations in Paragraph 35.

36. MHM denies the allegations in Paragraph 36.

37. MHM denies the allegations in Paragraph 37

38. MHM admits that Plaintiff was assigned to work at Bernalillo County Metropolitan Detention Center during her employment. Except as expressly admitted herein, MHM denies the allegations in Paragraph 38.

39. MHM admits the allegations in Paragraph 39.

40. MHM admits that Plaintiff reported her hours, and further states that it reasonably relied on Plaintiff's report of hours to be accurate. Except as expressly admitted herein, MHM denies the allegations in Paragraph 40.

41. MHM admits that it scheduled Plaintiff's work hours. Except as expressly admitted herein, MHM denies the allegations in Paragraph 41.

42. MHM denies the allegations in Paragraph 42.

43. MHM denies the allegations in Paragraph 43.

44. MHM admits that it required Plaintiff to follow its policies and procedures and its client's policies and procedures that applied to Plaintiff. MHM specifically denies that any policy or procedure applicable to Plaintiff or any Class Member violated applicable law, and further denies that the application of any policy or procedure is grounds for certification of the putative class. Except as expressly admitted herein, MHM denies the allegations in Paragraph 44.

45. MHM admits that Plaintiff passed through a security process operated by the Bernalillo County Metropolitan Detention Center before entering the portion of the facility where she worked. Except as expressly admitted herein, MHM denies the allegations in Paragraph 45.

46. MHM denies the allegations in Paragraph 46, and further specifically denies that the time referenced in Paragraph 46 was compensable.

47. MHM denies the allegations in Paragraph 47.

48. MHM denies the allegations in Paragraph 48, and further specifically denies that the time referenced in Paragraph 48 was compensable.

49. MHM denies the allegations in Paragraph 49.

50. MHM incorporates its responses to Paragraphs 1 through 49.

51. MHM denies the allegations in Paragraph 51.

52. MHM denies the allegations in Paragraph 52.

53. MHM admits that Plaintiff's supervisor was an MHM employee. Except as expressly admitted herein, MHM denies the allegations in Paragraph 53.

54. MHM denies the allegations in Paragraph 54.

55. MHM admits that it paid wages to Plaintiff after the end of each pay period. Except as expressly admitted herein, MHM denies the allegations in Paragraph 55.

56. MHM admits the allegations in Paragraph 56.

57. MHM denies the allegations of Paragraph 57.

### V.   Cause of Action: NMMWA Violations

58. MHM incorporates its responses contained in Paragraphs 1 through 57.

59. The allegations in Paragraph 59 are legal arguments to which no responsive pleading is required. To the extent there are factual allegations contained in Paragraph 59, MHM admits it was an employer under the NMMWA with respect to Plaintiff. Except as expressly admitted herein, MHM denies the allegations in Paragraph 59.

60. The allegations in Paragraph 60 are legal arguments to which no responsive pleading is required. To the extent there are factual allegations contained in Paragraph 60, MHM admits that portions of the NMMWA applied to its relationship with Plaintiff. Except as expressly admitted herein, MHM denies the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 are legal conclusions to which no responsive pleading is required.  To the extent there are factual allegations in Paragraph 61, MHM admits that portions of the NMMWA applied to its relationship with Plaintiff.  Except as expressly admitted herein, MHM denies the allegations in Paragraph 61.

62.     MHM admits that Plaintiff brings this action as described in Paragraph 62, but denies that MHM has engaged in any act or omission giving rise to such claims, or that it is properly certifiable as a class action.

63.     MHM admits that Plaintiff purports to define a class of alleged similarly situated employees. MHM denies there are other employees similarly situated to Plaintiff, denies that this action is appropriate for class action treatment, and denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever.

64.     MHM denies the allegations in Paragraph 64.

65.     MHM denies the allegations in Paragraph 65.

66.     MHM denies the allegations in Paragraph 66.

67.     MHM denies the allegations in Paragraph 67.

68.     MHM denies the allegations in Paragraph 68.

69.     MHM denies the allegations in Paragraph 69.

70.     MHM admits that Plaintiff seeks the relief described in Paragraph 70, but denies that MHM has engaged in any act or omission giving rise to such claims or that Plaintiff is entitled to any relief.

71.     MHM admits that Plaintiff purports to define a class of alleged similarly situated employees. MHM denies there are other employees similarly situated to Plaintiff, denies that this

action is appropriate for class action treatment, and denies that Plaintiff or any of the alleged similarly situated employees are entitled to any relief whatsoever.

72.   MHM denies the allegations in Paragraph 72.

### VI.   Class Action Allegations

73.   MHM incorporates its responses to Paragraphs 1 through 72.

74.   MHM denies the allegations in Paragraph 74.

75.   MHM denies the allegations in Paragraph 75.

76.   MHM admits that Plaintiff brings this action as described in Paragraph 76, but denies that MHM has engaged in any act or omission giving rise to such claims.

77.   MHM denies the allegations in Paragraph 77.

78.   MHM denies the allegations in Paragraph 78.

79.   MHM denies the allegations in Paragraph 79.

80.   MHM denies the allegations in Paragraph 80.

81.   MHM denies the allegations in Paragraph 81.

82.   MHM denies the allegations in Paragraph 82.

83.   MHM denies the allegations in Paragraph 83.

84.   MHM denies the allegations in Paragraph 84.

### VII.   Jury Demand

85.   MHM denies that Plaintiff and the putative Class Members are entitled to a jury trial because they are unable to articulate a case suitable for a trial.

### VII.   Relief Sought

86.   MHM denies that Plaintiff and the putative Class Members are entitled to any of the relief sought in Paragraph 86 or its subparagraphs.

Except as expressly admitted hereinabove, MHM denies each and every material allegation of the Amended Complaint and demands strict proof thereof.

WHEREFORE, Defendant MHM Health Professionals, LLC d/b/a Centurion Health requests that the Amended Complaint be dismissed, and that an award of attorneys, fees and costs and other such relief as is just and proper be assessed against Plaintiff.

PARK & ASSOCIATES, LLC

/s/ *Alfred A. Park*
Alfred A. Park (NM Bar No. 8317)
PARK & ASSOCIATES, LLC
3840 Masthead St NE,
Albuquerque, NM 87109
(505) 246-2805
apark@parklawnm.com

-and-

HOLLAND & KNIGHT LLP

/s/ *Peter N. Hall*
Peter N. Hall (GA Bar No. 141376)
*Admission Pending*
HOLLAND & KNIGHT LLP
1180 West Peachtree Street NW, Suite 1800
Atlanta, Georgia 30309
(404) 817-8412
Peter.Hall@hklaw.com

Flynne M. Dowdy (D. N.M. Bar No. 23-136)
Rachel Tom-Quinn (D. N.M. Bar No. 23-139)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN  37219-8966
(615) 244-6380
(615) 244-6804 Fax
Flynne.Dowdy@hklaw.com
Rachel.Tomquinn@hklaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I certify that on this 1st day of May 2023, a true and correct copy of the foregoing **Answer** has been filed *via* the Court's electronic filing system which is expected to notify the following counsel of record:

Justin R. Kaufman
Rosalind B. Bienvenu
Caren I. Friedman
DURHAM, PITTARD & SPALDING, LLP
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com
cfriedman@dpslawgroup.com

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com

*Attorneys for Plaintiff*

                                                               /s/ *Alfred A. Park*
                                                               Alfred A. Park