IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA SCHEIDT,

    Plaintiff,

    v.                            No. 1:23-cv-00346-DHU-KK

MHM HEALTH PROFESSIONALS, LLC.,
d/b/a CENTURION PROFESSIONALS,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER is before the Court on Plaintiff Jessica Scheidt's ("Plaintiff") Motion to Remand, filed on May 24, 2023. Doc. 8. Plaintiff originally filed this suit in New Mexico State Court alleging violations of the New Mexico Minimum Wage Act ("NMMWA"). Invoking diversity jurisdiction, Defendant MHM Health Professionals, LLC d/b/a Centurion Professionals ("Defendant") removed to federal court. Doc. 1. Plaintiff now challenges removal, asserting that federal subject matter jurisdiction is lacking because the "amount in controversy" requirement of 28 U.S.C. § 1332(a) has not been met. After reviewing the record, briefs, and being otherwise fully informed, the Court **GRANTS** Plaintiff's motion, and orders the case be remanded to the First Judicial District Court, Santa Fe County, New Mexico. Plaintiff's request for attorney's fees is **DENIED**.

**I.**
**BACKGROUND**

Plaintiff brings this putative class action pursuant to the NMMWA, which provides that, "[a]n employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for

1

all hours worked in excess of forty hours." *See* NMSA § 50-4-22(D).  Plaintiff was a registered nurse for Defendant, a healthcare services company that contracts with governmental entities to provide healthcare services and was staffed in the Bernalillo County Metropolitan Detention Center in Albuquerque, New Mexico.  Doc. 1-1 at 5.  Plaintiff alleges that Defendant failed to pay her, and other workers like her, as required by the NMMWA. *Id.* Plaintiff seeks to recover unpaid wages, overtime compensation and other applicable penalties from Defendant under the NMMWA.  *See id*.  In her complaint, Plaintiff does not specify a monetary award for damages. *See generally* Doc. 1-1.

The diversity of citizenship of the parties is uncontested based on the complaint and the notice of removal.  Plaintiff is a citizen of New Mexico and Defendant is incorporated in Delaware, with its principal place of business in Virginia.  Doc. 1 at 2.  On April 24, 2023, Defendant removed this action to this Court, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000. Doc 1.  Plaintiff now moves to remand the case to state court, arguing that the amount in controversy does not exceed the requirement for removal under diversity jurisdiction.  Doc. 8 at 3.

## II.
## LEGAL STANDARD

Federal courts have limited jurisdiction. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). There is a presumption against removal which the defendant seeking removal must overcome. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Federal jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in cases falling within the diversity jurisdiction statute, 28 U.S.C. § 1332.  Federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity

among the parties and (ii) that the matter in controversy exceeds $75,000, exclusive of interest and

costs. 28 U.S.C. § 1332(a)(1).

A defendant may remove a case to federal court in "any civil action brought in a state court

of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.

Removal statutes are to be strictly construed, with all doubts resolved against removal, *Fajen v.

Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982), and it is the removing defendant's burden

to show that the diversity jurisdiction requirements are met. *McPhail v. Deere & Co.*, 529 F.3d

947, 954 (10th Cir. 2008). When a federal court examines whether removal jurisdiction exists, "all

doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333.  When evaluating removal

based on diversity jurisdiction, the amount in controversy may be ascertained from the allegations

in the complaint, or "when they are not dispositive, by the allegations in the notice of removal."

*Laughlin*, 50 F.3d 873. Where a state court complaint does not identify a specific amount that the

plaintiff seeks to recover, the burden is on the defendant seeking removal to prove jurisdictional

facts by a preponderance of the evidence such that the amount in controversy exceeds $75,000.

*McPhail,* 529 F.3d at 955; *Varela v. Wal-Mart Stores, E., Inc*., 86 F. Supp. 2d 1109, 1111 (D.N.M.

2000) (holding that Defendants who seek removal must establish sufficient facts demonstrating

that the plaintiff stands to recover in excess of $75,000).  Defendants may do this in a number of

ways:

> [B]y contentions, interrogatories or admissions in state court; by
> calculation from the complaint's allegations[;] by reference to the
> plaintiff's informal estimates or settlement demands[;] or by
> introducing evidence, in the form of affidavits from the defendant's
> employees or experts, about how much it would cost to satisfy the
> plaintiff's demands.

*McPhail,* 529 F.3d at 954 (10th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d

536, 541-42 (7th Cir. 2006)). While reasonable estimates are permitted, conclusory allegations that

the amount in controversy exceeds $75,000 are insufficient to establish federal court jurisdiction. *McPhail,* 529 F.3d at 955. Defendant "must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that $75,000 is in play." *Id.* "Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover [the jurisdictional minimum]." *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247 (10th Cir. 2012).

## III.
## DISCUSSION

### A. Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In her complaint, Plaintiff alleges that Defendant violated the NMMWA by failing to pay her the appropriate rate of pay for all hours she worked.  Doc. 1-1.  More specifically, Plaintiff alleges that she was a non-exempt hourly employee and that MHM failed to pay her time spent performing certain pre-shift activities and for working through her lunch period.  *See* id.

As stated above, the parties concede diversity exists between them, but contest whether the amount in controversy exceeds $75,000. Doc. 8 at 1. Defendant states that the purported regular and overtime wages owed plus attorney's fees, liquidated damages, and injunctive and other relief potentially awardable to Plaintiff and the putative class members more likely than not exceeds the value of $75,000. Doc. 1 at 5. Defendant bases its argument on Plaintiff's complaint, calculations of damages, requested injunctive relief, and attorneys' fees but introduces minimal evidence of its own to establish a reasonable calculation. *See generally* Doc. 1.  Plaintiff responds that Defendant offers no proof that Plaintiff's damages exceed the jurisdictional minimum. *See generally* Doc. 8. Plaintiff submits that the only evidence that Defendant offers to support its claim is a single sentence in the lawyer's declaration that "the regular hourly rate of Plaintiff ranged from $31.96

and $36.00 between February 23, 2020, and the time her employment ended." Doc. 8 at 6 (referencing Doc. 1 at 3). Plaintiff adds that even on Plaintiff's best day, damages under the NMMWA fall below the jurisdictional minimum for diversity jurisdiction. Doc. 8 at 11.

Here, because Plaintiff's Complaint is silent on its face regarding monetary damages, it is Defendant's burden to establish the amount in controversy by a preponderance of the evidence. *See McPhail,* 529 F.3d 954. Defendant presents that "[b]etween February 23, 2020, and the end of her employment, Plaintiff's regular hourly rate of pay ranged between $31.96 and $36.00, not including her overtime rates of pay." Doc. 1 at 10. Defendant does not provide paystubs, time records, or employment records, and has not attempted to calculate that the amount in controversy exceeds the $75,000 threshold necessary to establish federal jurisdiction. Instead, Defendant asks this Court to consider how attorneys' fees could be significant "and likely exceed, or at the very least contribute to, the $75,000 threshold." Doc. 1 at 12. Finally, to establish the amount in controversy, Defendant argues that "Plaintiff seeks to recover on behalf of herself and the alleged similarly situated employees regular and overtime wages owed plus attorneys' fees, liquidated damages, and injunctive and other relief potentially awardable to Plaintiff and the Class Members." *Id*. at 9.

In her motion to remand, Plaintiff provided a concrete time frame during which she was employed at MHM as a non-exempt employee and during which she alleges MHM violated the NMMWA. *See generally* Doc. 8. The motion outlines the number of hours per day and the number of days per week that she worked. *See id*. at 9. Specifically, Plaintiff alleges that while employed by Defendant as a non-exempt hourly employee from approximately May 2019 until March 2021, Plaintiff and other workers were required to undergo daily security and later COVID-19 screenings that lasted about 20 to 25 minutes, for which they were not compensated. *See id*. Throughout her

employment Defendant also deducted at least 30 minutes of time every day for meal breaks despite the Defendant regularly requiring Plaintiff and others to work through their lunch break. *See id*. Plaintiff provided a reasonable calculation indicating that the amount in controversy falls below the threshold requirement for diversity jurisdiction. *See id*. Plaintiff's recovery calculations considering back wages, New Mexico treble damages, and 40 % fees required under NMMWA amounts to $64,494.36. Doc. 8-1, Exhibit A. The sum is supported by a table of calculations showing the amount in controversy would be under the required $75,000. *See id*. Based on the evidence Defendant has provided, Plaintiff concludes that Plaintiff's damages could not exceed $75,000.

The Court finds that Defendant's efforts to demonstrate that more than $75,000 is at play in this litigation is not supported by a preponderance of the evidence. Defendant has not established its initial burden as the removing party. Plaintiff estimates that on average she worked between three-to-four days per week for approximately 13-to-14 hours each day and received an hour rate of $31.96 until October 2020 when her hourly rate increased to $36 per hour. Doc. 8 at 3. Relying on the uncontested facts provided, Plaintiff's three-year back wages for her work amount to $16,164, equivalent to the five hours of overtime she worked each week prior to March 2020 and 5.67 hours of overtime she worked each week after March 2020. Doc. 8-1. The NMMWA also provides that "[i]n addition to penalties provided pursuant to this section, an employer who violates any provision of Section 50-4-22 NMSA 1978 shall be liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages." NMSA 1978, §50-4-26. So, assuming treble damages under the NMMWA apply, Plaintiff's back wages would amount to $48,492. Doc. 8 at 3.

In addition to backpay damages, the NMMWA also affords costs and reasonable attorney's fees to be paid by a defendant. The relevant section reads, "[t]he court in any action brought under Subsection D of this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs of the action and reasonable attorney fees to be paid by the defendant." NMSA 1978, §50-4-26(E). It is well established in the Tenth Circuit "that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Here, however, Defendant provides the Court with no evidence to suggest that attorney's fees and costs would bring the amount in controversy above the jurisdictional threshold. To arrive at a figure that satisfies the jurisdictional threshold, the Court would be required to speculate. It is the Defendant's burden to provide the Court with sufficient information, and in regard to reasonable attorney's fees to be added to Plaintiff's damages, Defendant has not provided a reasonable estimate. In sum, the Court finds that Defendant has not established sufficient facts demonstrating that Plaintiff stands to recover in excess of $75,000.

**B. The Court will not grant Plaintiff's request for attorney fees and expenses.**

The Court denies attorney fees. Under federal law, an order remanding a case back to state court "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Such a requirement is appropriate whenever the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); s*ee also Porter Tr. V. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) ("[T]he standard for awarding attorney's fees should turn on the reasonableness of the removal."). Conversely, when an objectively

reasonable basis exists, fees should be denied. *See id*. The Court finds Defendant did not lack an objectively reasonable basis when it removed this case to federal court because Defendant presented a rational argument supported by some evidence. Therefore, because Defendants' removal was not unreasonable or barred by binding authority, the Court DENIES Plaintiffs' request for attorney's fees, costs, and expenses.

**IV.**
**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [**Doc. 8**] is **GRANTED** and this action is hereby **REMANDED** to the First Judicial District Court of Santa Fe, New Mexico. Plaintiffs' request for an award of attorney's fees and costs is DENIED.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT COURT